BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
480 Mamaroneck Ave.
Harrison, NY 10528
877-385-7793 PH
hbbronson@bronsonlaw.net

*Proposed Counsel to TSMC, INC.*
*Debtor-in-Possession*
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

       TSMC, INC.,

                   Debtor.
-------------------------------------------------------x

Chapter 11

Case No.:17-22702 (rdd )

## **DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK       )
                                      ) ss.:
COUNTY OF WESTCHESTER   )

      Michael Casarella, declares as follows:

      1. I am the vice-president, a director and 50% Shareholder of TSMC, Inc. (the "Debtor"), which owns two parcels of property with an address of 6 Rocklege Avenue, Ossining, NY (the "Property").[1]

      2. I submit this application in accordance with Local Bankruptcy Rule 1007-2, on behalf of the Debtor in connection with its petition, schedules and documents being filed in connection with the petition. Copies of the corporate resolution of the Debtor were filed concurrently with the Petition commencing this Chapter 11 case.

      3. The Debtor has not previously filed a Chapter 11 Petition.

---

[1] Parcel A, Section 97.15; Block 1; Lot 44 and Parcel B-Section 97.15;Block 2; Lot 62 are the legal descriptions for the two parcels.

4. I have reviewed the Debtor's petition, schedules and all documents filed in connection with the Petition and I am familiar with the facts alleged and any relief requested therein.

5. All facts set forth in this Declaration are based upon: (i) personal knowledge; (ii) my review of relevant documents; and (iii) my opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

## BACKGROUND OF THE DEBTOR AND ITS BUSINESS

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a) (1)**

6. The Debtor was formed as a New York corporation on December 16, 2004, for the purpose of owning the Property and leasing it. Currently the Property is leased to an affiliated entity Goldfish Restaurant, Inc. ("Goldfish"), which has operated a restaurant from the location and has just competed renovations and reopened under the name Sparta.

7. The Debtor's sole income is rent from Goldfish of $4,500 per month.[2] Rent has not been received from Goldfish for approximately the last two years; however, Goldfish will resume rent payments in the near future.

8. The Debtor's Property is encumbered by a mortgage held by TD Bank, N.A. ("TD Bank"). TD Bank claims it is owed more than $692,191.70 for which it has a judgement of foreclosure.

9. Debtor believes the Property has equity and that its current value is $825,000.

---

2. Rent is paid on a net lease basis subject to increase if the mortgage payment increases.

**OBJECTIVES OF THE CHAPTER 11 CASE.**

10. Once Goldfish begins paying the rent, which is expected next month, the Debtor will have sufficient funds to make adequate assurance payments of $4,500 per month to TD Bank.

11. The Debtor believes that it will be in a position to refinance the Property within the next 6 months and the current bankruptcy filing will provide the breathing room necessary to implement a plan of reorganization.

12. The Debtor contends that it is not a single asset real estate case since it owns two parcels of property. The Debtor further contends that it is not a small business case as defined under 11 U.S.C. §101(51C) since its primary purpose is the ownership of real estate.

**b. LR 1007-2(a) (2)**

9. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a) (3)**

10. No formal or informal committees of creditors or other interest holders were organized prior to the order for relief in this Chapter 11 case.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

11. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 U.S.C. § 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 U.S.C.§101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2) (a)(5).**

12. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B".**

**h. Schedule of Assets and Liabilities. LR 1007-(2) (a)(6).**

13. As required by Local Bankruptcy Rule 1007-2(a) (6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**

**i. Publicly-Held Securities. LR 1007-(2)(a)(7).**

14. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**j. Property in Possession or Custody of Custodian. LR 1007-(2)(a)(8).**

15. None of Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

**k. Debtor's Premises. LR 1007-(2)(a)(9).**

16. The Debtor operates its business from the Property.

**l. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

17. The Debtor's substantial assets are located at: the Property address.

**m. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

18. The following cases or actions are threatened or pending: None. The Debtor is subject to a Judgment from TD Bank, N.A. and believes that seizure of its property is imminent and has accordingly sought bankruptcy protection.

**n. Debtor's Senior Management. LR 1007-(2)(a)(12).**

19. The Debtor's senior management is comprised of Michael Casarella and Anthanasios Stratigakis who are the shareholders, officers and directors of Debtor.

**o. Additional Information if Business is to Continue.  LR 1007-(2)(b)(1) and (2).**

20. The Debtor has no payroll and is operated by its principals.

**q. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

21. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is annexed hereto as **Exhibit "D"**

**r. Conclusion**

22. The Debtor submits that it has the requisite components to formulate a confirmable and feasible plan of reorganization whereby the business operations will be continued generating revenue from which Debtor's creditors can realize a return that would be equal to or greater than the liquidation value of the business.

23. The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

24. The breathing space afforded by the automatic stay will allow the Debtor the time necessary to avoid unnecessary loss in value caused by cessation of its business.

Pursuant to 28 USC section 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Dated: May 9, 2017**             **TSMC, INC.**

                            **By:** /s/ Michael Casarella
                            Michael Casarella, Vice-President

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Athansios Stratigakis
860 Commerce St
Thornwood, NY 10594-1436

Michael Casarella
121 Foxwood Cir
Mount Kisco, NY 10549-1130

VMJ Espinoza Contractor Inc.
10 Meadow Street
Goldens Bridge, NY

## EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

TD Bank, N.A.
1133 Westchester Ave., Suite N-324
White Plains, NY 10604

Judgment for $692,000

# EXHIBIT C

**Assets:**

| | |
|---|---|
| Parcel A and Parcel B | $ 825,000 |
| **Total Assets:** | **$825,000** |

**Liabilities:**

| | |
|---|---|
| Unsecured debts | $      0 |
| Tax | $      0 |
| Judgment in favor of TD Bank, N.A. . | $692,000 |
| **Total Liabilities:** | **$692,000** |
| **Net:** | **$133,000** |

# EXHIBIT D

## SCHEDULE OF ANTICIPATED CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION

Rent Revenue:  $ 4,500

Expenses:
    Mortgage  $ 4,500

**EXHIBIT E**
**Proposed Case Conference Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x:
:
In re:
:
     TSMC, Inc.,                             :              Chapter 11

               Debtor.       :             Case No.:17-22702
:
:
---------------------------------------------------------------x

<u>ORDER SCHEDULING INITIAL CASE
CONFERENCE</u>

       TSMC, Inc. (the "Debtor ") having filed a petition for reorganization under chapter 11 of the Bankruptcy Code on May 9, 2017, and the Court having determined that a case management conference will aid in the efficient conduct of the case, it is:

       ORDERED, pursuant to 11 U.S.C. § 105(d), that an initial case management conference will be conducted by the undersigned Bankruptcy Judge at 300 Quarropas Street, White Plains, New York 10601 on _____, _____, at _ _: _ _ _.m., or as soon thereafter as counsel may be heard, to consider the efficient administration of the case, which may include, *inter alia*, such topics as retention of professionals, creation of a committee to review budget and fee requests, use of alternative dispute resolution, timetables, and scheduling of additional case management conferences; and it is further

       ORDERED, that the Debtor shall give notice by mail of this order at least seven days prior to the scheduled conference to each committee appointed to serve in the case pursuant to 11 U.S.C. § 1102 (or, if no committee has been appointed, to the holders of the 10 largest unsecured claims), the holders of the five (5) largest secured claims, any post-petition

lender to the Debtor, and the United States Trustee, and shall promptly file proof of service of such notice with the Clerk of the Court.

Dated: White Plains, NY
_____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE

17-22702-rdd    Doc 2    Filed 05/09/17    Entered 05/09/17 19:06:12    Main Document
Pg 12 of 12