BRONSON LAW OFFICES, P.C.
Counsel to Debtor and Debtor in Possession
H. Bruce Bronson, Jr.
480 Mamaroneck Ave.
Harrison, NY 10528
877-385-7793
888-908-6906
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

    TSMC, INC.

                       Debtor.
-------------------------------------------------------x

Chapter 11

Case No. 17-22702 (RDD )

**DEBTOR'S OPPOSITION TO MOTION OF TD BANK, N.A. PURSUANT TO SECTION 362(D)(1) OR (2) FOR RELIEF FROM THE AUTOMATIC STAY**

TSMC, INC., the above-captioned Debtor (the "Debtor"), by and through his undersigned counsel, submits the following Opposition to the motion of TD Bank, N.A. ("**TD Bank**") for an order (i) modifying and terminating the automatic stay with respect to those certain parcels of commercial real property commonly identified as 6 Rockledge Avenue, Ossining, New York and 17 Liberty Street, Ossining, New York (the "**Property**") granting relief from the automatic stay upon the grounds of (a) lack of adequate protection; and (b) lack of equity in the Property (the "**Motion**").

Accordingly, Debtor respectfully states as follows:

1. TD Bank's motion should be denied or deferred for the reasons set forth herein.

2. The Debtor is a single asset real estate company and has no employees and no operations other than that of owning the Property and collecting rent from Goldfish Restaurant, Inc. ("**Goldfish**"), which operates a restaurant located on the Property.

3. Debtor filed a petition for Chapter 11 bankruptcy on May 9, 2017 (the "**Petition**").

4. Debtor's Chapter 11 filing was prompted by the foreclosure and pending sale of the Property by TD Bank.

5. Debtor has since the filing of the bankruptcy continued to manage its operations as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108. To date, no trustee, examiner or creditors' committee has been appointed in the Debtor's chapter 11 case.

6. Debtor believes that the value of the Property is at least $850,000 based upon its principal's knowledge of the market.[1]

## ARGUMENT

7. TD Bank basically makes two arguments as to why the automatic stay should be lifted as follows:

    a. Lack of adequate protection; and

    b. The lack of equity in the Property.

8. While upon filing of the Petition the Debtor had no income, since its sole tenant Goldfish was temporarily closed for renovations it is now receiving rent payments of $4,500 per month.

9. Based upon the affidavit of Michael Casarella, one of the owners of the Debtor, a payment of $4,500 has recently been paid by Goldfish to Debtor, the first of ongoing monthly payments to be made.

---

[1] TD Bank's motion for relief provides a valuation of $725,000 (Exhibit O); however, it appears that a physical inspection was limited. Page numbered 1 of the appraisal states, "*A limited exterior inspection of the property was made, therefore the value conclusion is based on the extraordinary assumption that the descriptive data regarding the building is accurate. This data was obtained from the Town of Ossining Assessor's field card, a limited exterior inspection, as well a description from a previous appraisal performed by The Landmark Appraisal Group as of February 4, 2009. Should our assumptions regarding the property's current physical characteristics be significantly different from what actually exists, this analysis would require revision." Accordingly the accuracy of the appraisal is immediately brought into question.

10. These monthly payments of $4,500 will be remitted to TD Bank monthly as adequate protection payments. Alternatively, Goldfish could remit directly to TD Bank.

11. $4,500 a month payment should be sufficient to protect TD Bank while the Debtor can arrange for substitute financing, a sale or other solution to the amounts owed to TD Bank.

## POINTS OF LAW

12. TD Bank is seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and/or 11 U.S.C. § 362(d)(2) of the Bankruptcy Code.

13. Section 362 (d) of the Bankruptcy Code states that:

    > On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if-(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

14. Debtor believes the value of the Property is at least $850,000 and accordingly there is equity in the Property.

15. While Debtor admits that under current case law the amount of equity in and of itself may not be sufficient to provide adequate assurance, the payment of $4,500 per month plus the amount of equity should provide sufficient protection to TD Bank so that it is adequately protected within the meaning of Section 362 of the Bankruptcy Code.

16. Adequate protection is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *In re: Mosello,* 195 B.R. 277 (Bankr. S.D.N.Y. 1996). *MBank Dallas.N.A. v. O'Connor (In re O'Connor),* 808 F.2d 1393 (10th Cir. 1987); *In re Snowshoe Co.*, 789 F.2d 1085, 1088 (4th Cir. 1086); *In re Beker Industries Corp.*, 58 B.R. 725 (Bankr. S.D.N.Y. 1986); see also *In re JKJ Chevrolet. Inc.*, 190 B.R. 542, 545

(Bankr. E.D.Va. 1995) (adequate protection is a flexible concept that is determined by considering the facts of each case).

17. Adequate protection is designed to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization. *In re Nice*, 355 B.R. 554,563 (Bankr. N.D. Va. 2006) ("adequate protection is solely a function of preserving the value of the creditor's secured claim as of the petition date due to a debtor's continued use of the collateral").

18. TD Bank has failed to demonstrate that relief from the stay is justified "for cause" under 362(d)(1) of the Code. In fact, TD Bank is adequately protected when all of the facts are taken into account.

19. Further TD Bank has not established that the stay should be lifted under 11 U.S.C. § 362(d)(2). The Property is a necessary component of the reorganization of Debtor and the Debtor does have equity in the Property. See Declaration of Michael Cassarella.

20. TD Bank argues that the Debtor cannot confirm a plan based upon its filed schedules and exhibits; however, Debtor has now begun to receive rent payments and thus could possibly confirm a plan in the future.

21. In *Timbers*, the Supreme Court stated that an "effective reorganization" under Section 362(d)(2) requires "a reasonable possibility of a successful reorganization within a reasonable time." Under *Timbers*, the applicable test for relief for the stay under 362(d)(2) is feasibility (ie that the confirmation of a plan is practical and reasonable) under Section 1129. *Carteret Sav. Bank v. Nastasi-White, Inc. (Matter of East-West Assoc.)*, 106 B.R. 767, 774 (SDNY 1989); *In re 68 West 127 Street LLC*, 285 B.R. 838 (Bankr. S.D.N.Y 2002) the debtor must only show that its plan has a reasonable prospect

of success within a reasonable time. Notwithstanding, the analysis of feasibility under 11 U.S.C. § 362(d)(2) is not the same as the review of a plan for confirmation. In re *White Plains Dev. Corp.*, 140 BR 948, 950 (Bankr. S.D.N.Y. 1992). A motion for relief from the stay should not be turned into a confirmation hearing; the debtor need only show where there is a lack of equity, [that] the proposed plan has a realistic chance of being confirmed, and [that the] plan is not patently unconfirmable." *In re 160 Blecker Street Assoc.*, 156 B.R. 405-411 (Bankr. S.D.N.Y. 1993).

22. Debtor asserts that the filing of this case was not for delay, but rather, to provide time to construct a plan to refinance the Property. See Declaration of Michael Cassarella.

## CONCLUSION

In conclusion for the reasons set forth above the Court should deny TD Bank's motion to lift the automatic stay for a period of time sufficient for Debtor to either sell or put in place new financial arrangements. During this hiatus TD Bank will be adequately protected.

Dated: Harrison, NY

July 24, 2017

/s/ H. Bruce Bronson
Counsel for Debtor
Bronson Law Offices, P.C.
480 Mamaroneck Ave.
Harrison, NY 10528