**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                              :

In re                                                     :          Chapter 11

GOLDFISH RESTAURANT, INC.              :          Case No. 17-22628-rdd
                                                        :
                    Debtor.                   :
-------------------------------------------------------------X

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                      Chapter 11

TSMC, INC.,                                        Case No. 17-22702 (RDD)

                    Debtor.
-------------------------------------------------------------X

**STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY**
**PURSUANT TO BANKRUPTCY CODE § 362(d)(1) AND (2) IN EACH OF THE**
<u>**ABOVE CAPTIONED CASES**</u>

      **WHEREAS,** on May 9, 2017 (the "**Petition Date**"), TSMC, Inc. ("**TSMC**") commenced a Chapter 11 case in this Court captioned *In re TSMC, Inc.* Case No. 17-22702 (the "**TSMC Case**") by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code, and an Order for Relief was entered thereupon;

      **WHEREAS,** on April 26, 2017, Goldfish Restaurant, Inc. ("**Goldfish**") commenced a Chapter 11 case in this Court captioned *In re Goldfish Restaurant Inc.* Case No. 17-22628 case (the "**Goldfish Case**" and together with the Goldfish Case, the "**Cases**") by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code, and an Order for Relief was entered thereupon; and

      **WHEREAS,** Goldfish and TSMC are 100% owned by Michael Casarella and Anthanasios Stratigakis; and

**WHEREAS**, to secure obligations of Goldfish and TSMC to TD Bank, N.A. ("**TD Bank**") pursuant to various loan documents described in the MFRs (as defined below) filed in the Cases (the "**Loan Documents**") in the amount of not less than $736,946.63 as of the Petition Date, TD Bank holds (i) a duly perfected first priority security interest in and to all personal property of the Goldfish, including without limitation all accounts, cash, and receivables (collectively, the "**Collateral**"); and (ii) a duly perfected first priority mortgage and security interest in and to the real property and all improvements thereon owned by TSMC and leased to Goldfish and identified as 6 Rockledge Avenue, Ossining, New York and 17 Liberty Street, Ossining, New York (together, the "**Premises**"); and

**WHEREAS**, in a certain action commenced in Westchester County Supreme Court, captioned *TD Bank, N.A. v. TSMC, Inc., Goldfish Restaurant, Inc., Anthanasios Stratigakis, Michael Casarella, Jr. and John Does #1 through #50*, Index No. 65463/2016 (the "**State Court Action**"), TD Bank obtained summary judgment against Goldfish, TSMC, Michael Casarella and Anthanasios Stratigakis to, among other things, enforce its rights under the Loan Documents, including to foreclose upon the Premises, evict Goldfish from the Premises, sell the Premises and sell and/or collect the Collateral and enforce the guarantees of Michael Casarella and Anthanasios Stratigakis; and

**WHEREAS,** on June 14, 2017, TD Bank filed motions for relief from the automatic stay in the Goldfish Case and the TSMC Case (ECF Docket Nos. 10 and 11, respectively) (the "**MFRs**"), to permit TD Bank to proceed to enforce its rights and remedies under the Loan Documents and against the Collateral and the Premises, including the prosecution of the State Court Action; and

**WHEREAS**, Goldfish and TSMC opposed the MFRs (ECF Docket Nos. 12 and 16, respectively); and

**WHEREAS**, a hearing on the MFRs was held on July 28, 2017, at which hearing the Court, among other things, (i) scheduled a status conference for August 31, 2017 and an evidentiary hearing on the MFRs for September 25, 2017; and (ii) ordered that TD Bank submit a conditional order granting the MFRs on the condition that Goldfish and/or TSMC fail to: (i) maintain all deposit accounts at TD Bank; (ii) remain current on all property taxes for the Premises; (iii) remit the sum of $4,500 to TD Bank as adequate protection on account of its interest in the Premises; (iv) provide proof of insurance on the Collateral and Premises as required by the U.S. Trustee and TD Bank's Loan Documents; and (v) remit all operating cash to TD Bank, after payment of ordinary operating expenses for the Goldfish restaurant and the $4,500 payable to TD Bank (which expenses shall exclude compensation to Mr. Casarella and Mr. Stratigakis) to TD Bank as additional adequate protection; and

**WHEREAS,** subsequent to the hearing counsel for the parties have engaged in good faith and candid discussions in order to seek a resolution of the MFRs; and

**WHEREAS,** on August 9, 2017, counsel for Goldfish and TSMC advised counsel for TD Bank, that (i) the principals of Goldfish and TSMC determined to cease all business operations and have closed the Goldfish restaurant; (ii) the Goldfish restaurant and the Premises are locked and secured; (iii) Goldfish and TSMC have not paid property taxes on the Premises which came due July 1, 2017; (iv) Goldfish and/or TSMC lack sufficient funds to escrow for property taxes on the Premises which will become due September 1, 2017 and January 1, 2018; (v) Goldfish and/or TSMC have substantial

unpaid sales and other withholding tax obligations; (vi) Goldfish is unable to pay TSMC $4,500 in rent and TSMC is therefore unable to make the $4,500/month adequate protection payments to TD Bank; (vi) Goldfish is unable to make any other adequate protection payments to TD Bank; and (vii) the Goldfish Restaurant is losing money; and

**WHEREAS,** in order to avoid the costs and uncertainty of further litigation in connection with the MFRs, the parties have agreed to resolution of the MFRs on the terms set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AGREED AND ORDERED:**

1. Each of the above recitals is incorporated herein as if fully set forth herein.

2. This Court has jurisdiction and authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The MFR in each of the above captioned cases is granted in all respects effective immediately and the provisions of Bankruptcy Rule 4001(a)(3) are waived. This Stipulation and Order shall be entered as a final order in each of the above cases.

4. The automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under Bankruptcy Code §§ 362(d)(1) and (2) as to TD Bank's interest in the Collateral and the Premises to allow TD Bank, and any successor or assign of its rights in connection with the Collateral and the Premises, to enforce its rights in, and remedies in and to, the Collateral and Premises, including to proceed with the

prosecution of the State Court Action and sale of the Premises and sale or collection of the Collateral.

5. Goldfish and TSMC shall cooperate with TD Bank in its efforts to sell the Premises and/ sell or collect the Collateral, including by immediately providing TD Bank with (i) the keys for access to the Premises; (ii) an inventory of all property and equipment in the Premises; and (iii) a detailed accounting of all accounts receivable of TSMC and Goldfish to TD Bank such that TD Bank may seek collection of such accounts receivable directly from such parties.

6. Goldfish and TSMC shall not remove any chattels, fixtures, or other personal property used in the business from the Premises.

7. TD Bank shall provide the Court with an accounting of the proceeds of a sale and/or collection of the Collateral and the Premises.

8. Neither Debtor shall seek dismissal of their case until this Stipulation and Order is approved by the Court.

9. This Stipulation and Order shall survive the conversion or dismissal of either or both of the cases and shall be binding upon any subsequently appointed trustee or examiner in either case.

10. Each person who executes this Stipulation on behalf of a party hereto represents that he is duly authorized to execute this Stipulation on behalf of such party.

11. This Stipulation will be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles, and all claims relating to or arising out of this Stipulation, or the breach thereof, whether sounding in contract, tort, or otherwise, will likewise be

governed by the laws of the State of New York, excluding New York's conflicts of law principles.

12. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for the purposes of enforcing the terms and conditions of this Stipulation.

13. Each Party to this Stipulation shall bear its own attorneys' fees and costs, except that, to the extent permitted under the Loan Documents, TD Bank may charge the Collateral and the Premises for such fees and expenses incurred in connection with its collection efforts.

14. This Stipulation and Order may be executed in counterparts, but shall not become effective until executed by all parties, approved by the Court.

15. This Stipulation and Order shall not be changed orally and no change shall be binding unless executed by all parties and approved by the Court.

16. The parties hereto acknowledge and agree that no party hereto is a minor or incompetent, that all parties have been represented by counsel and that all parties have entered into this Stipulation of their own volition without coercion or duress.

17. This Stipulation and Order shall be deemed to have been drafted by the parties hereto and any ambiguities shall not be construed against or in favor of any party.

Remainder of Page Intentionally Omitted- Signature Pages Follow

Dated: August 29, 2017

**Penachio Malara LLP**
Attorney for Goldfish Restaurant, Inc.

By: /s/ Anne Penachio
Anne Penachio, Esq.,
235 Main Street
White Plains, New York
Tel.: (914) 946-2889
Email: apenachio@pmlawllp.com

**Bronson Law Offices, P.C.**
Attorney for TSMC, Inc.

By: /s/ Bruce Bronson
H. Bruce Bronson, Esq.
480 Mamaroneck Ave.
Harrison, New York 10528
Tel.: (914) 269-2530

**Teitelbaum Law Group, LLC**
Attorneys for TD Bank, N.A.

By: /s/ Jay Teitelbaum
Jay Teitelbaum, Esq.
1 Barker Avenue
White Plains, New York 10601
(914) 437-7670
jteitelbaum@tblawllp.com

So Ordered this 29th day of August, 2017

/s/Robert D. Drain
Hon. Robert D. Drain
United States Bankruptcy Judge